IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN KODL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 05 C 3837 |
| v. | ) |
| | ) |
| BOARD OF EDUCATION, SCHOOL | ) |
| DISTRICT 45, VILLA PARK, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Karen Kodl brings this two-count Complaint alleging gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and age discrimination and retaliation under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, against Defendant Board of Education, School District 45, Villa Park (the "School District"). Before the Court is the School District's Motion to Dismiss Kodl's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part the School District's motion.

### LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint, not the merits of the case. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)). The Court must assume the

truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *Centers*, 398 F.3d at 933.

## BACKGROUND

Kodl is a 47-year old female, who the School District currently employs as a teacher at Schaffer Elementary School. (R. 1-1; Compl. ¶¶ 5, 6.) Prior to her current position, Kodl worked for eighteen years as a physical education teacher at Jackson Middle School in Villa Park, Illinois, where she reported directly to the school's principal, Tony Palmisano. (*Id.* ¶¶ 7, 9.)

At some point in 2002, the position of "Team Leader" in the physical education department at Jackson Middle School became available. (*Id.* ¶ 10.) At that time, Kodl and another female teacher, Linda Rajca, had the most years of service in the physical education department. (*Id.*) Rather than give the position to Kodl or Rajca, however, Palmisano split the Team Leader position into two positions – "Team Leader" and "Athletic Director." (*Id.* ¶ 11.) Palmisano appointed Kodl to the Team Leader position and Mike Finke, a 27-year old male, to the Athletic Director position. (*Id.*) Kodl filed a grievance because the split in positions caused her to receive lower pay than other Team Leaders. (*Id.* ¶ 12.) As a result of that grievance, Palmisano reunited the positions of Team Leader and Athletic Director. (*Id.* ¶ 13.) He then granted the position to Finke instead of Kodl. (*Id.*) Moreover, when Finke left the Team Leader position in 2003, Palmisano appointed Jed Ramsey, a 25-year old male, to replace Finke, instead of Kodl or Rajca. (*Id.* ¶¶ 14, 15.)

Sometime during or shortly after December 2003, Kodl met with Palmisano to corroborate Rajca's complaint that Eric Willis, a younger male, had threatened Rajca. (*Id.* ¶¶ 18,

2

19.) Afterwards, Willis began to harass Kodl and her female student volleyball players during a game. (*Id.* ¶ 20.) Kodl complained to Palmisano regarding Willis' conduct, yet Palmisano failed to take any action against Willis, and Willis continued to harass Kodl. (*Id.* ¶¶ 19, 20.)

On April 27, 2004, Palmisano gave Kodl a negative performance review, which included false and disparaging comments, although Palmisano had told Kodl earlier that she was an excellent teacher. (*Id.* ¶ 21.) Thereafter, Kodl was transferred to Schaffer Elementary School and replaced by a younger male teacher. (*Id.* ¶¶ 22, 23.) Based on these events, Kodl alleges that she suffered monetary and compensatory damages, as well as anxiety, embarrassment, and severe emotional distress. (*Id.* ¶¶ 31, 32.)

On August 23, 2004, Kodl filed charges of age and gender discrimination and retaliation against the School District with the Equal Employment Opportunity Commission ("EEOC"). (R. 10-1; Mot. Dismiss, Ex. A.) On April 6, 2005, the EEOC issued a Notice of Right to Sue letter that Kodl received on April 8, 2005. (Compl. ¶ 33.) On June 30, 2005, Kodl filed the present two-count Complaint against the School District seeking to recover for gender discrimination and retaliation under Title VII (Count I) and age discrimination and retaliation under the ADEA (Count II). (*Id.* ¶¶ 34-44.)

## **ANALYSIS**

In support of its motion to dismiss, the School District contends that (1) the Court must dismiss Kodl's claims of discrimination and retaliation in part, to the extent that they rely on events occurring more than 300 days before she filed her charges with the EEOC, and (2) the Court must dismiss all of Kodl's claims of retaliation because she failed to plead that she had

3

engaged in a "protected activity" within the meaning of Title VII and the ADEA[1].

## I. Timeliness of EEOC Charges

In a deferral jurisdiction, such as Illinois, a plaintiff must file an employment discrimination charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *see also Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 862 (7th Cir. 2005). Similarly, the ADEA requires that a plaintiff file charges in a deferral state with the EEOC "within 300 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d); *see also Casteel v. Executive Bd. of Local 703 of Int'l Bhd. of Teamsters,* 272 F.3d 463, 466 (7th Cir. 2001).

In general, federal courts only consider evidence from this 300-day period when making discrimination determinations. *Dandy v. United Parcel Serv., Inc.,* 388 F.3d 263, 270 (7th Cir. 2004). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). In other words, "only incidents that took place within the timely filing period are actionable." *Id.* Similarly, under the ADEA, alleged discrete acts of discrimination occurring within the relevant limitations period do not make acts outside the time period actionable unless the time-barred incidents are part of an ongoing pattern of discrimination. *Young v. Will County Dept. of Pub. Aid*, 882 F.2d 290, 292 (7th Cir. 1989).

---

[1] Defendant also claims that Plaintiff failed to exhaust her remedies because she failed to attach her Right to Sue Letter from the EEOC. In her Complaint, Plaintiff alleges that the EEOC issued a Notice of Right to Sue letter that Kodl received on April 8, 2005. (Compl. ¶ 33.) Although the failure to attach is not fatal to Plaintiff's Complaint, Plaintiff should nonetheless attach a copy of the Notice to her Amended Complaint.

Because Kodl filed her charges with the EEOC on August 23, 2004 and does not allege any continuing pattern of discrimination, she may only recover for the discrete acts of discrimination or retaliation occurring on or after October 28, 2003 – 300 days prior to her filing charges with the EEOC. Therefore, Kodl is time-barred from asserting claims of gender or age discrimination based on Palmisano's failure to appoint her to the Team Leader position in 2002. It is unclear from the Complaint what date Finke left the position of Team Leader in 2003 after which Palmisano appointed Jed Ramsey, a 25-year old male, to replace Finke instead of Kodl or Rajca. If this discrete act occurred prior to October 28, 2003, any discrimination claim based on this action is time-barred as well.

Meanwhile, Palmisano's negative evaluation and Kodl's subsequent transfer to Schaffer Middle School constitute discrete acts of alleged retaliation that fall well within the 300-day statutory period. While the School District contends that the Court must dismiss Kodl's retaliation claims if they are based on actions that occurred prior to October 28, 2003, Title VII and the ADEA only require that the retaliatory act itself – not the employee's protected activity that motivated the retaliation – be within the statutory period. *See National R.R. Passenger Corp.*, 536 U.S. at 113 (Title VII does not bar employee from using non-actionable prior acts as background evidence to support timely claim); *West v. Ortho-McNeil Pharmaceutica Corp.,* 405 F.3d 578, 581 (7th Cir. 2005) (same). Therefore, Kodl is not time-barred from asserting claims of retaliation under Title VII or the ADEA for retaliatory acts occurring on or after October 28, 2003.

## II.     Sufficiency of Pleadings

Next, the School District contends that the Court should dismiss Kodl's retaliation claims

5

because she failed to plead that she engaged in a protected activity. To establish a prima facie case under Title VII or the ADEA, Kodl must show that she engaged in a protected activity. *See Culver v. Gorman & Co.,* 416 F.3d 540, 545 (7th Cir. 2005); *Franzoni v. Hartmax Corp.*, 300 F.3d 767, 772 (7th Cir. 2002). Under the federal notice pleading, however, a plaintiff need not plead a prima facie case of discrimination. *Swierkiewicz v. Sorema*, 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.E.2d 1 (2002). Instead, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint need only state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.E.2d 80 (1957).

Here, in addition to identifying her negative evaluation and transfer to Schaffer Elementary School as acts of retaliation, Kodl's Complaint includes allegations that she filed a grievance when the Team Leader position was split in two, that she corroborated Rajca's story after Willis allegedly harassed Rajca , and that she complained to Palmisano after Willis harassed her. Therefore, Kodl's Complaint provides the School District with fair notice of her claims and the grounds upon which her claims rest. As a result, Kodl's allegations of retaliation satisfy the requirements of Rule 8(a)(2).

## CONCLUSION

Based on these reasons, the Court grants in part and denies in part the School District's Motion to Dismiss without prejudice. Kodl has until November 29, 2005 to amend her Complaint according to this order. At that time, Kodl must attach her EEOC Notice of Right to Sue letter as well.

Dated: November 8, 2005

                                                 **ENTERED**

                                                 _____
                                                 **AMY J. ST. EVE**
                                                 **United States District Court Judge**